# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

United States of America,

        Plaintiff,

v.                              Case No. 12-40096-JWL
                                      17-4032-JWL

Tiffany D. Woosley,

        Defendant.

## MEMORANDUM & ORDER

In May 2013, the court sentenced Tiffany D. Woosley to a term of 60 months based on her plea of guilty to a violation of 18 U.S.C. § 922(g)(1), to be served consecutively to a 120-month mandatory minimum sentence she received in a separately-numbered case (Case No. 11-40046-02) for conspiracy to distribute methamphetamine. This matter is before the court on Ms. Woosley's pro se motion pursuant to 28 U.S.C. § 2255 in which Ms. Woosley contends that she should have been awarded a "minor or minimal role" reduction pursuant to U.S.S.G. § 3B1.2 because she was substantially less culpable that the co-defendants in her conspiracy case and that, pursuant to Amendment 794, that reduction should now be applied to her sentence.[1] In support of her argument, Ms. Woosley relies exclusively on the Ninth Circuit's opinion in *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016). Because Ms. Woosley's motion is barred by the statute of limitations, it is dismissed as untimely.

---

[1] Ms. Woosley filed her motion in her firearms-conviction case but the motion is clearly aimed at her conspiracy-conviction case. Moreover, Ms. Woosley has clarified in her reply that she intended to file the motion in her conspiracy case. The court, then, will file this order in that case as well and uses the pertinent dates from that case for purposes of assessing the timeliness of Ms. Woosley's motion.

Section 2255 provides a one-year period of limitation which runs from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). In Ms. Woosley's conspiracy case, judgment was entered on May 2, 2013. Ms. Woosley did not appeal the judgment of conviction such that it was final on May 16, 2013. *See United States v. Prows*, 448 F.3d 1223, 1227-28 (10th Cir. 2006) (if defendant does not file direct appeal, conviction becomes final upon expiration of time in which to take direct criminal appeal); Fed. R. App. P. 4(b) (defendant must file appeal within 14 days of entry of judgment). Therefore, Ms. Woosley had until May 16, 2014 to file a § 2255 petition with respect to that conviction.

She filed her petition on March 30, 2017, nearly three years after the statutory deadline and there is no applicable provision in § 2255(f) that might work to extend the filing deadline. *See United States v. Harrison*, ___ Fed. Appx. ___, 2017 WL 710426, at *2 (10th Cir. Feb. 23, 2017) (Amendment 794 is not a "fact" for purposes of § 2255(f)(4)). Moreover, Ms. Woosley has not alleged a basis for equitable tolling. She does not explain why she did not file an appeal or otherwise pursue the mitigating role adjustment or why it took her nearly 18 months after the effective date of Amendment 794 to file her motion. Accordingly, defendant has not shown that she is entitled to equitable tolling of the limitations period. *See Fleming v. Evans*, 481 F.3d

2

1249, 1257 (10th Cir. 2007) (petitioner must show that she acted with reasonable diligence); *Gibson v. Klinger*, 232 F.3d 799, 807 (10th Cir. 2000) (petitioner must show that after learning pertinent facts, he diligently pursued federal habeas claim).

For the foregoing reasons, Ms. Woosley's § 2255 petition is barred by the statute of limitations and must be dismissed as untimely.[2]  Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings states that the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To satisfy this standard, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *See Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)).  In addition, when the court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Because it is clear that Ms. Woosley's petition is untimely, the court denies a certificate of appealability.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Ms. Woosley's motion to vacate under 28 U.S.C. § 2255 (doc. 30) is dismissed.

---

[2] In any event, the case upon which Ms. Woosley relies, *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016), held only that Amendment 794 is retroactive to cases on direct appeal. No court has held that Amendment 794 is retroactive to cases on collateral review.

**IT IS SO ORDERED.**


Dated this 18th day of May, 2017, at Kansas City, Kansas.


s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
